## SWINEFORD VS. POMEROY.

Great liberality is exercised in construing pleadings in justice's courts, and where a plaintiff presented two notes which were described in dates and amounts in the docket of the justice, held that the notes became the complaint, and stated in substance a cause of action.

Where an action comes from justice's court to the circuit or county court by appeal, in which the complaint is oral, and it is vague and uncertain, the defendant may if in doubt as to what constitutes the plaintiff's cause of action, require a written complaint sufficiently definite and certain to inform him.

An application under § 8, ch. 123, R. S., for a change of the place of trial, on account of the prejudice of the judge before whom the action is pending, will be too late if not made before a jury is called and a trial of the cause commenced.

APPEAL from the County Court for *La Crosse* County.

The defendants, after their application for a change of venue had been denied, declined to participate any further in the trial, and the plaintiff obtained a verdict upon which judgment was entered, and the defendants appealed. Such other facts as are material to the decision are stated in the opinion of the court.

*Cameron & Losey*, for the appellants, argued that the plaintiff's complaint was not sufficient, and, in fact, was not a complaint at all. It was not a compliance with sub-division 9, § 46, chapt. 120, R. S., because it does not appear that he delivered the notes to the justice, nor state that there was due to him thereon any specified sum whatever. The court therefore erred in permitting the notes to be read in evidence at the trial. As to the ruling of the court denying a change of venue, they cited *Baldwin vs. Marygold*, 2 Wis., 491; *Rines vs. Boyd*, 7 Wis. 155; R. S., chapt., 123, § 8.

*J. J. Cole*, for respondent, cited *Freligh vs. State*, 8 Mo., 606; *Fugate vs. Carter*, 6 Mo. M., 7.; *Perry vs. Roberts*, 17 Mo., 36; *Cook vs. Garza*, 4 Texas, 358; *Smith vs. Smith*, 3 Ind., 303; to show that the application for a change of venue should have been made before a jury was called and the trial commenced.

*By the Court*, COLE, J. The objection taken, that there was

no complaint in this case, either in the justice's or county court, cannot prevail. The action was commenced before a justice, and appealed to the county court. In his return, the justice states that the plaintiff presented two promissory notes, which are particularly described in dates and amounts. The defendants failed to appear before the justice and defend the suit. After judgment they took an appeal to the county court, and filed an answer stating their counter-claims. No objection was taken to the informality of the complaint, and the parties undoubtedly well understood that the plaintiff relied upon the notes as his cause of action. Parties frequently file a note, or a copy of an account in justices' court, for their complaint where no written pleadings are made up. The note or account becomes the complaint, and in substance states the cause of action. This has been held to be sufficient, when no objection is taken. Great liberality is exercised in construing pleadings in justice's court, and they are invariably sustained when they are good in substance, and are not objected to because not technically formal or correct. It was in the power of the defendants to have required a written complaint in the county court, if they were in doubt what really constituted the plaintiff's cause of action. But they were probably not in the dark upon that point, as their full answer shows. It is quite too late now, to insist that there was no formal complaint filed 2 Wis., 34, 102; 3 id., 270: 3 id., 580; 9 id., 234; 10 id., 117; sec. 45, et seq., ch. 120, R. S. This cause was tried in the county court before a jury. The plaintiff read the notes in evidence, and rested. The other side then entered upon their defense and, after considerable testimony had been given, applied for a change of venue, on account of the prejudice of the judge. The application was denied; and, as we think, very justly. It is true the statute provides that whenever a party in a civil action, pending in a court of record, shall apply for a change of the place of trial, on account of the prejudice of the judge, and shall verify the application by oath or

affidavit, the court shall change the place of trial. Sec. 8, ch. 123, R. S. This statute must have a rational construction. It is not to be supposed, that it was intended to grant to a party the right to change the place of trial after a jury is empanneled and testimony has been given in the cause. Such an idea is not to be entertained, except upon the clearest evidence that this is the express meaning and intention of the statute. Otherwise a person whose moral sensibilities were not very acute and nice, might, after entering upon the trial of the cause, because the judge ruled contrary to his expectations or unfavorably to him, apply for a change of the place of trial, and obtain it. This practice, of course, would frequently be attended with the greatest inconvenience and injustice. But we are decidedly of the opinion that the statute was never intended to apply to such a case, or grant any such right, at that stage of the cause. When a party makes a seasonable and proper application for a change of the place of trial, because of the prejudice of the judge before whom the suit is pending, he is entitled to the change. But this application should be made before a jury is called, and a trial of the cause entered upon ; otherwise the application will be too late. This, we are satisfied, is the proper construction of the statute, and that no other interpretation could be given it without producing much mischief.

The judgment of the county court is affirmed.