Cairns and others vs. O'Bleness and another, imp.

CAIRNS and others vs. O'BLENESS and another, imp.

ACTION ON TOWN TREASURER'S BOND. *(1) Death of joint obligor; revival of action. (2) Liability of town treasurer for money collected without warrant. (3) Liability on first bond, after entry on second term. (4) In what name action to be brought; surplusage in name of plaintiffs.*

REFERENCE FOR TRIAL: CHANGE OF VENUE. *(5) When reference proper. (6) Second reference. Review of order therefor. (7) Recommital of report for correction. (8) Change of venue not admissible after trial by referee.*

REVERSAL OF JUDGMENT: *(9) As to one of several joint appellants. (10) For erroneous admission of evidence.*

1. Upon the death of one of the obligors in a bond, an action on the bond against all the obligors cannot properly be revived against his personal representatives. *Jones v. Keep*, 23 Wis., 45.

2. Where a town treasurer collects moneys for the town *virtute officii*, though without the warrant required by the statute, he cannot be heard to deny that it is the property of the town.

3. Where a town treasurer, at the close of his first term, becomes his own

successor, an action will lie on his *first* official bond if it appears that when he entered on his second term he did not hold *officially, as money of the town,* a sum received by him during his first term and never legally paid out.

4. An action upon the bond of a town treasurer may perhaps be brought in the name of the town simply, and certainly by the supervisors *by their name of office;* and in the latter case, the insertion of the personal names of the supervisors, though improper, ought perhaps to be disregarded as surplusage, and should certainly be so disregarded upon a general denial; and the action is not affected by a change of officers; sec. 11, ch. 135, R. S., having no application to such a case, but only to actions brought by officers or trustees in their personal names, and *not* in the name of their office.

5. A *reference* in an action upon a town treasurer's bond *held* proper, on the ground that the issue appeared to involve a long account. Tay. Stats., 1499, § 25.

6. After the making of a referee's report, and motions by both parties for judgment thereon, the court may order a new reference (made in this case to one of the former referees); such order having the effect to set aside the first report; and the order cannot be reviewed on appeal *from the judgment,* where the bill of exceptions does not preserve the evidence reported by the first referee.

7. Where a second reference is duly made, the report of the second referee may be recommitted to him by the court, for correction, under sec. 23, ch. 132, R. S.

8. After a trial before a referee, and report made by him, it is too late to apply for a change of venue.

9. Upon the *joint* appeal of several defendants, this court has the power to reverse as to some of them and affirm as to the others.

10. Where the trial is without a jury, a judgment will not be reversed for the erroneous admission of evidence, if there is ample evidence taken without exception, to sustain the findings.

APPEAL from the Circuit Court for *Marquette* County.

Action upon the bond of a town treasurer, against the principal and sureties. The complaint, after setting forth the bond, and the election of the treasurer, alleges that in the fall of 1867, the town clerk of said town made an apportionment of the taxes to be collected for the year 1867, being to the amount of $3,164.50, put the same in a tax roll, and delivered such roll to the treasurer, *O'Bleness,* with his warrant at-

tached; but that the said town clerk, by mistake or fraud, afterward, in December, enlarged the ratio for computing the taxes, so that the amount levied was $3,299.01; that upon the computation of the tax list and assessment roll, the clerk made a copy thereof and annexed to it a warrant in the usual form, and delivered the same to *O'Bleness* as town treasurer, who collected the full amount of $3,299.01, and paid over to the proper persons and officers only the amount which ought to have been levied, to wit, $3,164.50, which is the sum reported and allowed in his settlement with the town board of supervisors in the spring of 1868, at the close of his term of office; that the said *O'Bleness* retained and converted to his own use the sum of $134.51, which he had ever since refused to pay over; and that in the spring of 1868, *O'Bleness* was reëlected, so that the excess of taxes collected by him for the year 1867 was not known by the said supervisors until his settlement in the spring of 1869, and he was not charged with such excess until that time.

The answer was a general denial.

When the action came on for trial, the court made an order referring the same to L. R. Rood, H. S. Thomas and H. H. Taylor, to try and determine. At a later term of the court, all of the referees united in making a report as to the facts; but Mr. Rood and Mr. Thomas reported, as a conclusion of law, that the allegations in the complaint as to the indebtedness of the defendants upon the bond were not proved to their satisfaction; while Mr. Taylor reported, as a conclusion of law, that the defendants were indebted as claimed. Afterwards both plaintiffs and defendants moved for judgment upon the report; whereupon the court again referred the action to Mr. Rood, against defendants' objection. When the case came on to be heard before Mr. Rood, notice was given that, at the ensuing term of the court, an application for a change of venue would be made upon an affidavit then served. The referee found most of the allegations of the complaint to be

true, except that he found that no warrant was attached to the tax roll; and his conclusions of law were in favor of the plaintiffs. At the May term of the court, the motion for a change of venue was refused; and thereupon plaintiffs moved for judgment in their favor upon the referee's report. The court ordered that the report be referred back to the referee for correction, and to find whether, at the time of settlement between *O'Bleness* and the supervisors, any money was in his hands which belonged to said town and had been collected by him as town treasurer in 1867. This question having been answered in the affirmative by the second report of the referee, the cause was again referred back for a further report as to the form and execution of the bond. The last two reports of the referee were made without notice to the defendants, and without further proofs.

Exceptions to the reports of the referee were filed by the defendants.

During the pendency of the action, one of the defendants, a surety on the bond, died; whereupon his administratrix was made a defendant, and judgment was entered against her as administratrix, as well as against the other defendants, upon the referee's report. From this judgment all the defendants appealed.

*G. J. Cox*, for appellants:

1. It appears on the face of the complaint, that the action is upon the bond given for the first term of office, and that during that term no demand was made for the funds. As no demand was made until after the termination of his second year of office, *O'Bleness* would be liable, if at all, upon the second bond. *State v. Rhoades*, 7 Nev., 434. 2. The action should have been brought in the corporate name of the town. R. S., ch. 15, sec. 5. 3. The plaintiffs were not the supervisors of the town at the time of the trial of the action. The termination of their offices abated the action, unless successors in office were substituted. R. S., ch. 135, sec. 11; *Manchester*

Cairns and others vs. O'Bleness and another, imp.

*v. Herrington*, 6 Seld., 164. 4. The plaintiffs claim the right to recover by virtue of their offices. And in all suits in a representative capacity, the right must be fully established. *Sheldon v. Hoy*, 11 How. Pr., 11; *People v. Nostrand*, 46 N. Y., 382; *Rue v. Perry*, 63 Barb., 40; *People v. Tieman*, 30 id., 193. The record of their election and oaths of office were the only proper evidence of election and qualification. *Griffin v. Rising*, 2 Cush., 75; *Colburn v. Ellis*, 5 Mass., 427; *Wittman v. Watry*, 37 Wis., 238. 5. The application for change of venue should have been allowed. *Wolcott v. Wolcott*, 32 Wis., 63. 6. The court had no power to re-refer the cause. When the action was referred to Mr. Rood, it had been once tried, and was before the court on the report. Nothing was left but to enter judgment. The court could not review the report without its being excepted to. Circuit Court Rules, 22; *Jenkins v. Esterly*, 22 Wis., 128; *Paggeot v. Sexton*, 23 id., 195. The report, like a verdict, was conclusive upon the rights of the parties. *Hoogland v. Wight*, 7 Bosw., 394; *Morris v. Second Ave. R. R. Co.*, 8 id., 679; *Smith v. Mc-Cluskey*, 45 Barb., 610. 7. It was not a case that authorized a compulsory reference. There was no evidence that the trial would involve the examination of a long account. *Keeler v. P. R. Co.*, 10 How., 11; *Barber v. Cromwell*, id., 351. The objections to the reference have not been waived (*Bonner v. McPhail*, 31 Barb., 106; *Barker v. White*, 58 N. Y., 204; *Mead v. Walker*, 20 Wis., 518); and they are now fairly before this court. *Gilbank v. Stevenson*, 30 Wis., 155. The orders for corrected reports were without motions, and unauthorized. *Van Slyke v. Hyatt*, 46 N. Y., 259. 8. The action was personal against the original defendants, and could not be revived after the death of a defendant, against the administratrix of his estate. R. S., ch. 135, sec. 4; *Jones v. Estate of Keep*, 23 Wis., 45; *Christopher v. Stockholm*, 5 Wend., 36; *Stanley v. Chappell*, 8 Cow., 235; *Ketchum v. Morrell*, 2 N. Y. Leg. Obs., 58.

Counsel also discussed other questions not referred to in the opinion.

For the respondents, a brief was filed, signed by *S. A. Pease* as their attorney, and by *Taylor & Sutherland*, of counsel; and the cause was argued orally by *Mr. Pease* and *Mr. Taylor*.

1. The complaint states a cause of action. *Vivian v. Otis*, 24 Wis., 518. 2. The action was properly brought in the name of the supervisors of the town. Tay. Stats., 370, § 113; id., 365, § 89; *La Crosse v. Melrose*, 22 Wis., 459. 3. There is no force in the objection that the action abated when the term of office of the plaintiff expired. Great inconvenience would arise from such a construction of the statute. Tay. Stats., 1574, § 11; id., 1572, § 1; *Jansen v. Ostrander*, 1 Cow., 670–678. 4. The representative character of the plaintiffs was fully proved, though not put in issue by the general denial. *Sanford v. McCreedy*, 28 Wis., 106; *Noonan v. Bradley*, 9 Wall., 394. 5. It was the treasurer's duty to pay over all money collected by him as such; and the fact that the tax roll had no warrant attached, or that it contained more taxes than were ordered to be levied, is no defense. *Jefferson County v. Jones*, 19 Wis., 51; *Town of Franklin v. Kirby*, 25 id., 498; *Inhabitants of Trescott v. Moan*, 50 Me., 347; *Lyndon v. Miller*, 36 Vt., 329; *Bullwinkel v. Guttenberg*, 17 Wis., 583. 6. The change of venue was properly refused. The case had been tried before the referee, and a party should not be allowed to experiment with a judge, and proceed in a trial until he becomes dissatisfied with the rulings, and then have the case sent to another judge. 7. The court had the power to refer the cause without the consent of either party. The pleadings showed that the examination of a long account might be involved. Tay. Stats., 1499, § 25; *Supervisors Dane Co. v. Dunning*, 20 Wis., 210. The reference was in the discretion of the court, and cannot be reversed. 20 Wis., 210; *Gilbank v. Stephenson*, 31 id., 592; *Welsh v. Darrah*, 52 N. Y., 590; *Kain v. Delano*, 11 Abb. Pr. (N. S.), 29; *Smith v. Dodd*,

3 E. D. Smith, 348; *Dean v. Ins. Co.*, 9 How. Pr., 69; 7 id., 359; 11 id., 113; *Gray v. Fox*, 1 Code Rep. (N. S.), 334; *Ubsdell v. Root*, 3 Abb. Pr., 142; 7 Bosw., 681. 8. That the court may re-refer the case after the report of the referee, there would seem to be no doubt under our statute. Tay. Stats., 1500, § 26; *Learmonth v. Veeder*, 11 Wis., 138; *Bannister v. Patty's Executors*, 35 id., 215. And the court would have such power independent of the statute. *Messenger v. Broom*, 1 Pin., 638; *Etter v. Edwards*, 4 Watts, 65; 3 Serg. & R., 133; *Tallman v. Bresler*, 58 N. Y., 123; *Van Slyke v. Hyatt*, 9 Abb. Pr. (N. S.), 58; *Lefler v. Field*, 47 N. Y., 407; *Meacham v. Burke*, 54 id., 217; *Jenkins v. Esterly*, 22 Wis., 131. 9. The objections taken by defendants before the referees were not renewed before the court, and cannot now be made. 30 Wis., 157; 22 id., 128. 10. The joinder of the administratrix in the judgment cannot prejudice the other defendants. She has taken no appeal as administratrix, but as an individual, simply, and the judgment against her in a representative capacity should not be reversed on such appeal.

Ryan, C. J. This action might, perhaps, have been brought in the name of the town. *Beaver Dam v. Frings*, 17 Wis., 398. But sec. 64, ch. 15, R. S., authorizes the supervisors of the town, by their name of office, to prosecute actions upon bonds given to them. This clearly means the supervisors of the town, *eo nomine*, without use of their personal names, as in *Supervisors v. Kirby*, 25 Wis., 498. That is really but another way of designating the town itself as plaintiff in the action. And the insertion of the personal names of the supervisors is improper; but ought perhaps to be disregarded as surplusage, as in *Bullwinkel v. Guttenberg*, 17 Wis., 583; certainly upon a general denial. *Dutcher v. Dutcher*, 39 Wis., 651. And the action, being in the right of the town only, could not be affected by a change of officers. Even the death of all the persons improperly named as supervisors would

leave the action pending in the name of the supervisors of the town, as it should have been originally brought. *La Crosse v. Melrose,* 22 Wis., 459. It is properly the action of the corporation, whoever its officers may be. We take it that an information by the attorney general or a district attorney would be equally unaffected by his death or removal from office, whether or not his own name appeared in the body of the information. Sec. 11, ch. 135, R. S., may probably require a change of the plaintiff's name upon the death or removal of an officer or trustee prosecuting the action; but that section plainly relates to actions brought in the personal names of officers or trustees, and not to actions brought by officers in the name of their office.

The complaint clearly avers a conversion of the sum in controversy by the treasurer during his first term of office; and we think that the evidence before the referee supports the complaint. It sufficiently appears that the treasurer did not hold the sum, officially, as money of the town, when he entered on his second term. And the complaint and proof are sufficient to hold his first official bond for the sum. *Vivian v. Otis,* 24 Wis., 518.

There appears to be no doubt of the power of the court to order the first reference. Sec. 25, ch. 132, Tay. Stats. The issue appeared to involve a long account, and the reference was proper. *Supervisors v. Dunning,* 20 Wis., 210.

The referees made a report, and both parties moved for judgment upon it. The court below thereupon made an order referring the cause *de novo* to one of the former referees. This was equivalent to an order for a new trial, after verdict, and must be taken as setting aside the former report. We cannot doubt the power of a circuit court to do this, in a proper case. Had the bill of exceptions preserved the evidence reported by the first referee, the question might arise here, whether the order was properly made. *Yates v. Shepardson,* 27 Wis., 238. But as the evidence is not before us,

we are unable to determine the question. The presumption is that the order was made on sufficient grounds. And we surely could not determine that the further disposition of the cause by the court below is affected by an order setting aside the report, not brought before us in a manner enabling us to determine whether it was erroneous or not. The failure of the appellants to incorporate the evidence in their bill of exceptions, to support a review of the order, must be taken as a submission to the order.

The orders recommitting the report on the second reference, for correction by the referee, were manifestly within the power of the court below. Sec. 23, ch. 132, R. S. They are equivalent to directions to a jury to correct an imperfect verdict, and appear to have been properly made.

There are several exceptions to evidence, which we need not consider; because there is ample evidence, taken without exception, to sustain the findings of fact.

It appears that the treasurer collected the tax without a warrant as required by the statute. But he collected it for the town, *virtute officii;* and, having done so, could not retain the money as his own, upon the ground that his authority was imperfect. He might have declined to collect the tax without warrant; having collected it, upon the tax roll, for the town, he could not be heard to claim that he collected it for himself.

The trial before the referee, and his report, were equivalent to trial by jury and verdict. And the application to change the venue came too late. *Swineford v. Pomeroy,* 16 Wis., 553.

It was improper to revive the action upon the death of William Bremner, one of the defendants, against his administratrix. *Jones v. Keep,* 23 Wis., 45. The appeal is a joint one; but this court has power to reverse or affirm as to any or all of the parties before it. Sec. 7, ch. 264 of 1860.

*By the Court.* — The judgment of the court below is affirmed,

except as against the appellant *Caroline A. Bremner, administratrix, etc.;* and as to her, it is reversed.