## GROBMAN vs. HAHN.

*November 23 — December 11, 1883.*

CHANGE OF VENUE: *Application on ground of prejudice of judge must be seasonably made.*

A cause having been noticed for trial by the plaintiff was called for trial on December 6th, and, a jury having been struck, the trial was, by agreement, set for December 27th. On the latter day the .defendant was present with his witnesses, ready for trial, but the plaintiff, upon an affidavit alleging prejudice of the judge, moved for a change of the place of trial. *Held,* that the application came too late and should have been denied.

APPEAL from the County Court of _Dodge_ County.

The defendant appealed from an order changing the place of trial. The facts are stated in the opinion.

_H. W. Sawyer_, for the appellant.

For the respondent the cause was submitted on the brief of _James J. Dick._ To the point that the statute is imperative and the court has no discretion but to grant the application when properly made, he cited: _Seehawer v. Milwaukee_, 39 Wis., 409; _Bachmann v. Milwaukee_, 47 id., 435.

Cole, C. J. After the steps taken in this case, we think it was too late for the plaintiff to apply for a change of the place of trial. It appears that the cause was on the calendar of the Dodge county court for trial on the 6th day of December, 1882, the plaintiff having noticed it for trial at that term. The cause was called, and a jury for the trial thereof was drawn and struck, when, by agreement of parties, the trial was set for the 27th day of the month. A _venire_ was issued, which was duly served on the jurors selected, and on the 27th the jurors were present in court, when one juror was excused by the county judge. The defendant was also present with his witnesses, ready for trial, not having received any intimation that the cause would not be tried at the time agreed upon. At this stage of the proceedings the plaintiff filed an affidavit stating that he had reason to believe he could not have a fair trial of the action on account of the prejudice of the county judge, and moved that the place of trial be changed, which motion was granted, against the objection of the defendant, but without costs.

The statute certainly requires the court to change the place of trial upon the application of a party who shall file his affidavit stating that he has good reason to believe and does believe that he cannot have a fair trial of the action on account of the prejudice of the judge before whom the cause is pending. Sec. 2625, R. S. This statute has been

deemed imperative when the application for a change was seasonably made. But it is obvious the statute must have a reasonable interpretation as to when the application shall be made, otherwise the practice under it will frequently be attended with great inconvenience and injustice. *Swineford v. Pomeroy*, 16 Wis., 553. A fair and impartial trial is doubtless essential to the due protection of a party's rights, but it was well observed by Mr. Justice LYON, in *Goodno v. Oshkosh*, 31 Wis., 135, that no one could deny but that this provision has been a fruitful source of perjury, and has done much to impair the respect due the administration of justice in this state. With the wisdom of the statute this court has really nothing to do. But it is its clear duty to see to it that the statute is not abused in its administration, and made to include cases to which it has no just application. Therefore, without attempting to lay down a general rule upon the subject, we content ourselves in saying that, upon the facts of this case, we are clear that the application to change the place of trial should not have been granted. There are other objections taken to the order, but we shall not consider them.

*By the Court.*— The order of the county court changing the place of trial is reversed, and the cause remanded for further proceedings according to law.