## ELDRED and another vs. BECKER, imp.

*February 19 — March 18, 1884.*

PRACTICE: CHANGE OF VENUE. *(1) Affidavits embodying record filed after motion. (2) Application for change on account of prejudice of judge: who must join. (3) When seasonable. (4) Change by stipulation: who must procure transmission: subsequent application.*

1. After the decision of a motion the circuit court permitted affidavits embodying the substance of material portions of the record upon which the decision was based, to be filed as part of the motion papers. *Held,* that such practice was a convenient and unobjectionable mode of bringing before this court, on appeal, the facts upon which the circuit court acted.

2. It is not necessary that a defendant who was not served with process and has not appeared, should join in an application for a change of venue on account of the prejudice of the judge, *whether the action is legal or equitable. Wolcott v. Wolcott,* 32 Wis., 63, followed. Language used in the opinion in *Rupp v. Swineford,* 40 Wis., 28, criticised as *obiter.*

3. An application for a change of venue on account of the prejudice of the judge is held to have been seasonably made, although the cause was upon the calendar for trial and the parties had agreed that it should be referred. *Grobman v. Hahn,* 59 Wis., 93, distinguished.

4. Where a change of venue is ordered pursuant to a stipulation, neither party is under greater obligation than the other to pay the costs and procure the transmission of the record. A failure of both so to do amounts to a stipulation that the order be vacated, and is no bar to a subsequent application for a change on account of the prejudice of the judge.

APPEAL from the Circuit Court for *Marathon* County. This appeal is by the defendant *Becker* from an order denying his application, made in his own behalf alone, for a change of the place of trial of the action. The application was based upon the affidavit of *Becker* to the prejudice of the judge of the court in which the action was pending. Such affidavit is in the form required by sec. 2625, R. S.

Eldred and another vs. Becker, imp.

The situation of the case when the above proceedings were had is set forth in two affidavits made after the order appealed from was entered, which were filed by leave of court. One of these was made by the attorney for the appellant, the other by one of the plaintiffs. From the first of these affidavits it appears that the action was brought against the defendants as partners on an account against the firm, but that the defendant Young was not served with process and has not appeared in the action; that the indebtedness in suit was contracted by Young; and that *Becker* had interposed a verified answer denying the partnership.

The other affidavit is to the effect that the cause was duly noticed for trial at the October term, 1882, of the circuit court for Marathon county; that the parties stipulated to change the place of trial thereof to La Crosse county, but the change was not made because the costs in the action were not paid by any one, and the record was never transmitted; that the attorney for appellant refused to pay such costs; and that the cause was again noticed for trial at the October term, 1883, of the circuit court for Marathon county, and placed upon the calendar; that, after a motion by defendant to strike the cause from the calendar for want of notice of trial, and an objection that the same was not triable in Marathon county, had been overruled, the parties agreed that the cause should be referred, but no referee was selected; that the appellant thereafter made two applications for the removal of the cause to the United States court, both of which were denied; and that he thereafter at the same term presented the above-mentioned affidavit of the prejudice of the judge and applied for a change of the place of trial to another county, which application the court denied, as before stated. Also that the court afterwards appointed a referee to hear, try, and determine the action.

*John J. Cole*, for the appellant, argued, among other things, that the exceptions to the general rule that two or

more defendants should all join in the motion for a change of venue, which are recognized in *Wolcott v. Wolcott,* 32 Wis., 68, 69, are as well settled as the rule itself, in common law as well as equity cases. *Chace v. Benham,* 12 Wend., 200; *Brittan v. Peabody,* 4 Hill, 62, note; *Merrill v. Shaw,* 5 Minn., 148; 2 Wait's Pr., 630; *Welling v. Sweet,* 1 How. Pr., 156; 28 Minn., 337; 70 Ind., 174; 1 Eng. Law & Eq., 417.

For the respondents the cause was submitted on the brief of *Eldred & Bump.*

LYON, J. 1. The point is made by the plaintiffs that in the determination of this appeal the affidavits which the court permitted to be filed (evidently as part of the motion papers) should be disregarded because they were not made until after the court had denied the motion to change the place of trial, and consequently could not have been used on the hearing of the motion. We think the point is not well made. All the material facts stated in the affidavits appeared of record in the cause, and the judge necessarily took judicial notice of them when he considered and decided the motion. Had the whole record of the case been returned here this court could do the same thing. But instead of sending up the whole record the court has allowed these affidavits to be filed which state the proceedings so far as they affect the order appealed from. The affidavits merely inform us of facts of which the circuit court had judicial knowledge, and upon which it acted in deciding the motion. It is common practice, on motions, to embody in affidavits the substance of material portions of the record; and it is better practice than to lumber the motion papers with the whole record, or copies of it. The record in the action was before the circuit court on the hearing of the motion, without copies thereof and without the affidavits (Circuit Court Rules, XI, sec. 4), and the practice adopted is a convenient

and, we think, an unobjectionable way of informing this court what the record contains and upon what facts the circuit court acted. In this view it is quite immaterial that the affidavits were not interposed until after the motion was determined. This question of practice being disposed of, we are now to consider the merits of the appeal.

2. The defendant Young did not join in the application for the change of the place of trial. Taking cognizance of the record in the action, as the same is stated in the affidavits,— particularly in that of the attorney for the appellant,— it appears that Young was not served with process, and never appeared in the action. On the authority of *Wolcott v. Wolcott*, 32 Wis., 63, it was not essential to the success of the application that he should join therein. This court said in that case: "We are further of the opinion, and so hold, that an application for a change of the place of trial for the prejudice of the judge, made by the defendants in an action, and which is otherwise sufficient, should not be denied merely because a defendant who has not appeared in the action and is in default, has not joined in the application." The reason is even stronger why the failure to join in the application by a defendant not appearing in the action, and who has not been served with process, should not defeat the motion.

The rule is as applicable to actions at law as to equitable actions, and the mere circumstance that *Wolcott v. Wolcott* was an equitable action did not affect the judgment. In *Rupp v. Swineford*, 40 Wis., 28, the late chief justice in his opinion uses language which might well be understood as restricting the rule of *Wolcott v. Wolcott* to suits in equity. But in that case all of the defendants had appeared in the suit and answered the complaint before the application was made by one of them to change the place of trial. The precise point there decided by the court was noted at the time by the writer as follows: "No change of venue can

lawfully be awarded in a civil action on the application of a portion of the defendants (or plaintiffs, as the case may be), except as mentioned in *Wolcott v. Wolcott*. This case is not within any such exception." The above language in the opinion is a repetition, as to actions at law, of the argument of counsel for the appellant in *Wolcott v. Wolcott*, and not the expression of the judgment of the court in the case in which the opinion was written. Besides, it is entirely outside the case, and therefore purely *obiter dictum*. The present members of this court who participated in the decision of *Rupp v. Swineford* freely admit that the opinion should not have been allowed to go into the reports in its present form as the opinion of the court. All they can do is to join with their associates in reasserting the rule of *Wolcott v. Wolcott*, which *the court* has never overruled or shaken. It is very obvious that the learned circuit judge was misled, as he might well be, by the opinion in *Rupp v. Swineford*, when he overruled the application to change the place of trial. We regret that he was placed in this position, but must, at the same time, decide this appeal in the light of well-settled rules of law.

3. The plaintiffs claim that the application to change the place of trial came too late, because the action was on the calendar for trial, and the parties had agreed that it should be referred. *Grobman v. Hahn*, 59 Wis., 93, is cited to support this position. It was there held that the case came within the rule of *Swineford v. Pomeroy*, 16 Wis., 553, in which it was held that such an application, made during the progress of the trial, was too late. The application in *Grobman v. Hahn* was made a little earlier than in *Swineford v. Pomeroy*, but after the trial had substantially commenced, although the jury had not been actually sworn. We do not think this case comes within the rule there applied, and hence we think the application was seasonably made.

4. The appellant was not in default for not paying the

costs and procuring the transmission of the record to La Crosse county on the order of November term, 1882, changing the place of trial to that county; at least, he is no more in default in that behalf than are the plaintiffs. The order was made pursuant to a stipulation of the parties; that is to say, it was procured by them jointly, and one party was under no greater obligation than the other to pay the costs and procure the transmission of the record. We think the case in respect to that order stands precisely as though the parties had stipulated that such order be vacated. In that case it would hardly be claimed that the making and vacating of the order of 1882 would be an impediment to granting the application of 1883. We do not determine, however, whether, had the first order been procured by the appellant, his failure to cause the record to be transmitted would have been a bar to the last application. See R. S., 719, sec. 2627.

Upon the whole case we conclude that the application should have been granted. The order appealed from must be reversed, and remanded for further proceedings.

*By the Court.*— It is so ordered.