See note to this case in 32 N. W. Rep. 287.— REP.

## DUFFY, Respondent, vs. HICKEY, Appellant.

*February 8 — March 1, 1887.*

PRACTICE. *(1) Change of venue: Motion after reference. (2) Reference: Correcting minutes of evidence: New trial. (3) Order of proof: Discretion. (4) Trial by referee: Improper evidence: Reversal of judgment. (5, 6) Taxation of costs: Remission of excess: Costs on former trial.*

1. An application for a change of the place of trial on the ground of prejudice of the judge, made after the cause has been referred and the referee has made his report, is too late.
2. The fact that a referee's minutes of the evidence have been changed is not a ground for setting aside his report and directing a new trial. The remedy is by correction of the minutes.
3. The admission of evidence in reply, which should have been given in opening the case, is a matter in the discretion of the trial court, and if the opposite party has not been injured by its admission out of its proper order the judgment will not be reversed therefor.
4. The admission of improper evidence by a referee is not ground for a reversal if there was sufficient evidence properly admitted to sustain the findings.
5. An error in the taxation of costs, by the allowance of too large a sum, is cured by a remission of the excess before the appeal is taken.
6 Where costs have been taxed on a former trial the amount thereof may be allowed as a single item upon a final taxation in favor of the same party.

APPEAL from the County Court of *Fond du Lac* County. The case is sufficiently stated in the opinion.
*De W. C. Priest,* for the appellant.
For the respondent there was a brief by *F. F. Duffy,*

attorney, and *Duffy & McCrory*, of counsel, and oral argument by *Mr. F. F. Duffy.*

TAYLOR, J. This action was tried in the county court of Fond du Lac county. It was an action upon an account for work and labor and for goods sold and delivered. On the part of the defendant a counterclaim was set up. The case was referred to a referee to hear, try, and determine. No question is made upon the order of reference. The referee tried the case, and found in favor of the plaintiff, and directed judgment in his favor for the sum of $208.52, and costs of the action. Upon the filing of the report of the referee the appellant filed an affidavit of prejudice and asked that the cause be removed on account of the prejudice of the county judge. This motion was denied, and exception taken. Exceptions were taken to the report of the referee, and the county court was asked to modify the report in various respects, and also to set aside the report and re-refer the case. All exceptions and objections to the report were overruled by the county court, and the report of the referee was in all things affirmed and judgment entered as directed by the referee. Exceptions were also taken by the appellant to the bill of costs as taxed by the clerk and affirmed by the court on motion to set aside the taxation. After judgment was entered, the defendant appealed therefrom to this court.

It is alleged that the court erred in not granting the appellant's motion to change the place of trial on account of the prejudice of the judge. We think the motion came too late, after the cause had been referred and the referee had made his report. This court determined this question against the appellant in *Cairns v. O'Bleness*, 40 Wis. 469, 477; *Swineford v. Pomeroy*, 16 Wis. 553.

The learned counsel for the appellant claims that the court erred in refusing to set aside the report and re-refer

the action, because he alleges the minutes of the referee in regard to certain evidence had been changed. Had it been satisfactorily shown that the minutes had been changed, it would have been no ground for setting aside the report and ordering a new trial. The remedy in such case would be to correct the minutes of the evidence in accordance with the facts. We think, however, that the appellant failed in showing that the evidence as reported by the referee was not a correct report. The preponderance of the evidence seems to us to be in favor of the minutes of the referee.

The learned counsel for the appellant claims that the court should have modified the report by finding that the defendant be allowed $202.35 as a counterclaim against the respondent, which was wholly disallowed by the referee. This was a claim for taking care of some sheep, a horse, and two heifers of the plaintiff while the plaintiff was away from his home and farm. On the part of the respondent it was claimed that the defendant agreed to take care of said stock for one half of the wool of the sheep, and one half of the lambs, and that he was to have the use of the cow for keeping her. Upon this question the evidence was somewhat in conflict; but it is sufficient upon this appeal that it does not appear that the clear preponderance of the evidence is in favor of the claim made by the appellant.

The appellant also claims that he ought to have been allowed $50 for the board of the plaintiff for five months, and instead thereof the referee allowed the plaintiff $50 and his board for working for the defendant during said five months. This question was purely a question of fact. The evidence on the part of the plaintiff showed that the plaintiff did work for the defendant five months, and that his work was reasonably worth $10 per month and board. On the part of the defense the evidence tended to show that his labor was worth nothing, that he did not in fact do any work for defendant, and that defendant boarded

Duffy vs. Hickey.

the plaintiff for said five months. This, also, is a simple question of fact. There is evidence sustaining the plaintiff's claim and the finding of the referee; and the decision of the referee and court on this question of fact must stand.

It is insisted that the referee found that the defendant had performed services for the plaintiff of the value of $202.35, and then disallowed the whole claim on the ground that the defendant had agreed to perform the services upon a special contract for a greatly less sum. We find nothing in the report of the referee which justifies the claim that he found the value of such services to be $202.35 or any other sum. All that can be justly said of the report in this respect is that it states that the defendant claimed $202.35 for said services, and that the referee allowed him for the same only the value of half the wool and half the lambs of some sheep belonging to the plaintiff, which he claimed was, by agreement, the compensation the defendant was to have for such services.

It is also urged as error that the plaintiff was allowed to give some evidence in reply, which it is claimed ought to have been given in opening his case. There may be some doubt whether the evidence given in reply was not strictly such; but, if it were otherwise, it is a matter in the discretion of the trial court to permit such evidence to be given out of the proper order, and, unless the opposite party can clearly show that he has been injuriously prejudiced by the admission of such evidence out of its proper order, it is not error for which the judgment should be reversed.

It is also said that evidence of statements made by the defendant at an attempted settlement were improperly admitted in evidence on the part of the plaintiff. We find nothing in the case upon which this objection can be fairly based. If improper evidence had been received by the referee, it would be no ground of reversal if there was suffi-

cient evidence to sustain his findings which was properly admitted in the case. *Holendyke v. Newton,* 50 Wis. 635.

The objection to the taxation of costs was perhaps well taken. This was an action upon contract, and in such cases the prevailing party cannot recover to exceed $25 as attorney's fees in any case. See sec. 2921, R. S. 1878. The court taxed more than $25 as attorney's fees, but afterwards, and before the appeal was taken in this case, the plaintiff remitted, in writing filed with the clerk of the court, the excess over $25, and gave notice of such remittance to the defendant. The judgment ought not, therefore, to be reversed because the costs were originally taxed at too large a sum. The remission of the excess before the appeal was taken cured the error.

The objection that one of the items in the copy of the bill of costs served was a gross sum which had been taxed to the plaintiff on a former trial, was not such an error as prejudiced the defendant. It is to be presumed that he had notice of the items of that bill when it was originally taxed on the former trial, and it was unnecessary to serve the items again on the final taxation on the new trial.

On the whole, the case seems to have been very fully and fairly considered, both by the referee and the court.

*By the Court.*— The judgment of the county court is affirmed.