Schuetze vs. The Continental Life Ins. Co. of Hartford, Conn.

SCHUETZE, Respondent, vs. THE CONTINENTAL LIFE INSUR-
ANCE COMPANY, OF HARTFORD, CONN., Appellant.

*September 1 — September 20, 1887.*

PRACTICE: *Motion to compel delivery of copies: Motion for change of venue.*

1. An affidavit made by plaintiff's attorney in an action upon a life in-
surance policy, stating that the allegations of the complaint, that
duly verified proofs of the death of the insured, as required by the
policy, had been delivered to the company and payment demanded,
were put in issue by the answer; that no copies of such proofs
were retained by or in possession of the affiant or of the plaintiff;
and that the originals were in the possession of the defendant, *held*,
to be in substantial compliance with sec. 4183, R. S., and Circuit
Court Rule XIX, and sufficient to sustain an order requiring the
defendant to furnish the plaintiff with sworn copies of such proofs;
and that it was competent for the attorney of the plaintiff to make
the affidavit.
2. A court may properly refuse to entertain a motion for a change of
venue, brought to its attention while it is engaged in hearing an-
other motion, and proceed to make an order upon the latter motion.

APPEAL from the Circuit Court for *Green* County.

The action is upon a policy of insurance issued by the
defendant company for the benefit of the plaintiff on the
life of her husband, Louis Schuetze. By the terms of
the policy the insurance money is payable at the office of the
company "within ninety days after due notice and satis-
factory evidence of the death of said insured during the
continuance of this policy, and of the just claims of the as-
sured under this policy."

The complaint (which is in the usual form of complaints
in such actions) alleges that, more than ninety days before
this action was commenced, the plaintiff gave the defend-
ant due notice and proof of the death of the said Louis, and
demanded payment of the sum specified in the policy. The
answer contains a substantial denial of the above allega-

tions, although it admits the service upon the company by the plaintiff of a certain pretended notice, in writing, and proof of the death of the said Louis, and demand of payment of the sum named in the policy.

The cause thus being at issue, Mr. Clawson, attorney for the plaintiff, moved the court, on his own affidavit, for an order requiring the defendant to furnish the plaintiff with sworn copies of the aforesaid notice, proof of death, demand of payment, and accompanying documents, mentioned in such affidavit.    The contents of Mr. Clawson's affidavit are sufficiently stated in the opinion.    The court granted the motion, and made an order requiring the delivery of such copies to the plaintiff within five days after service of the order upon its attorney, and in case of default therein giving plaintiff leave to move to strike out the answer and perfect judgment pursuant to the prayer of the complaint. This appeal is from such order.

While the hearing of the above motion was in progress, the attorney for the defendant caused affidavits, made by the president and secretary of the defendant company, of prejudice of the judge of the court in which the action was pending, to be presented to the court, and moved for leave to file the same, and for a change of the place of trial of the action.    The court refused to grant such leave, and denied or disregarded the motion for a change of the place of trial.

The cause was submitted for the appellant on the brief of *Weil & Rose.*    They contended that the affidavit on which the order was based did not conform to the rule of court upon the subject of inspection, copies, etc., and that the presentation of the affidavits and motion for a change of venue took away the power of the court to make the order appealed from.    *Main v. McLaughlin,* 58 Wis. 628; *Bachmann v. Milwaukee,* 47 Wis. 435.

*P. J. Clawson,* for the respondent.

LYON, J.  Counsel for the defendant company seeks the reversal of the order appealed from on two grounds. These are: (1) That upon presentation of the affidavits of the prejudice of the judge, and the demand that the place of trial be changed, the circuit court lost jurisdiction of the case, and hence that the order thereafter made requiring delivery of sworn copies of the papers therein named, is void.  (2) That the affidavit of Mr. Clawson is insufficient to justify the making of the order.

1. The application or demand for a change of venue was thrust upon the attention of the court when it was engaged in hearing the motion of Mr. Clawson.  It was entirely out of order at that time, and the court properly refused to entertain it.  This is settled by the cases of *Grobman v. Hahn,* 59 Wis. 93, and *Allis v. M. S. Distilling Co.* 67 Wis. 16. In those cases it was held that such a demand comes too late when made after the trial has commenced.  The principle of the rule applies here.  The demand not being made until after the hearing commenced, could not properly be made until such hearing was concluded by the making of the order in question.  Hence the court properly refused leave to file the affidavits of prejudice, and disregarded such demand, and the same did not interfere with the jurisdiction of the court to make the order.

2. The affidavit of Mr. Clawson, upon which the order in question was made, states that the averments in the complaint, that duly verified proofs of the death of the insured, required by the policy, had been delivered to the company, and payment demanded, were put in issue by the answer; that no copies of the same were retained; and that the originals were not in the possession of affiant or the plaintiff, but were in the possession of the defendant.

We think this affidavit substantially complies with the requirements of the statute and rule of the circuit court, governing the proceeding.  R. S. sec. 4183; Circuit Court

Schuetze vs. The Continental Life Ins. Co. of Hartford, Conn.

Rule XIX. It sufficiently appears therefrom, as required by sec. 2 of the rule, that the required documents are not in the possession or under the control of the plaintiff or her attorney, and that the same are necessary to enable her to prepare for trial. Also, the facts relied upon to obtain the relief sought are sufficiently stated. The necessity of the discovery sought is not directly stated in the affidavit, but it sufficiently appears from the other averments thereof. We are also of the opinion that it is competent for the attorney of the moving party to make the affidavit, in which case it is unnecessary to swear to the advice of counsel, or to state the reason why the same is not made by the party. This being purely a proceeding in the action, the attorney may be presumed to have a better knowledge than has his client of the facts necessary to be stated in the affidavit.

The prayer of the affidavit is that the defendant be required to deliver to the plaintiff sworn copies of the documents called for, and the order, in that respect, follows the petition. It is urged against the affidavit that it fails to follow the statute and rule, in that it fails to ask for an inspection and copies, or permission to take copies, of such documents. Sec. 4 of rule XIX, *supra*, provides two modes by which such inspection and copy, or permission to take a copy, may be accomplished. One mode is by delivering a sworn copy; the other by depositing the document with the clerk of the court. Hence the prayer for sworn copies is, in substance and effect, a prayer for an inspection and copies, or permission to take copies. This is sufficient.

*By the Court.*— The order of the circuit court is affirmed.