PETERSON, by guardian *ad litem*, Appellant, vs. DANIEL SHAW LUMBER COMPANY, Respondent.

*May 22 — June 19, 1896.*

*Change of venue: Prejudice of judge: Application, when to be made: Waiver.*

1. An application for a change of venue on the ground of prejudice of the judge is not too late, though made after a struck jury has been summoned and is in attendance pursuant to ch. 268, Laws of 1889 (S. & B. Ann. Stats. secs. 2544s–2544y), if made before any further proceedings are had. *Grobman v. Hahn*, 59 Wis. 93, distinguished.
2. A stipulation, in such a case, that the action should be tried by the struck jury was not a waiver of the right to apply for a change of venue.

APPEAL from a judgment of the circuit court for Eau Claire county: W. F. BAILEY, Circuit Judge. *Reversed.*

For the appellant there was a brief by *George M. Popham*, attorney, and *V. W. James*, of counsel, and oral argument by *C. T. Bundy*. They argued that at the time of the filing of the affidavit of prejudice and motion for change of venue no proceedings had been taken by either party *before the court* and the trial had not in any sense begun. The application was therefore seasonably made. *Eldred v. Becker*, 60 Wis. 48. Ch. 268, Laws of 1889, under which the struck jury in question was attempted to be drawn, is borrowed *verbatim* from the statutes of Minnesota (Gen. Stats. Minn.

ch. 71); and had been construed in the particular under consideration by the supreme court of that state before its adoption by our legislature.  *O'Brien v. Minneapolis*, 22 Minn. 378; *Mark v. St. P., M. & M. R. Co.* 32 id. 208.

For the respondent the cause was submitted on the brief of *H. H. Hayden*.

CASSODAY, C. J.  This action is to recover damages for personal injuries to the plaintiff while in the employ of the defendant.  The answer was served and issue joined March 8, 1895.  The cause was noticed for trial and on the calendar for the term commencing March 18, 1895.  June 14, 1895, the parties stipulated to the effect that the defendant might demand, within two days, and obtain a struck jury for the trial of the cause, as prescribed by statutes; that one day's notice therefor should be sufficient; that the action should be tried by the jury so obtained, the same as though all the provisions of law relating to the striking of such juries had been complied with.  On the same day the defendant demanded of the clerk of the court that a struck jury be drawn as prescribed by statute, for the trial of the action.  Laws of 1889, ch. 268 (S. & B. Ann. Stats. secs. 2544*s*–2544*y*). The clerk forthwith delivered a certified copy of such demand to the sheriff, who thereupon made a list of forty names, from which such struck jury was to be selected, and gave due notice to the attorneys of the respective parties of the time and place for striking such jury.  Both parties attended accordingly, and each struck twelve names from the list.  Thereupon the clerk issued a *venire* to the sheriff, requiring him to summon the sixteen persons whose names remained upon the list to appear before the judge of the court, at the court room in Eau Claire, June 24, 1895, at 10 A. M., to serve as jurors.  The sixteen men so summoned attended as required, but owing to the absence of the presiding judge no proceedings were had on that day.  June

Peterson vs. Daniel Shaw Lumber Co.

25, 1895, both parties and the sixteen persons so summoned as jurors attended at the place named before the judge, whereupon, and before any other proceedings were had, the plaintiff filed his affidavit to the effect that he had good reason to believe, and did believe, that he could not have a fair trial of the action on account of the prejudice of the judge (naming him), and moved the court to change the place of the trial of said action, but which motion was then and there denied. Thereupon the cause was adjourned to July 15, 1895, by consent of the respective parties. July 15, 1895, the sixteen jurors being present and the court ready to try the cause, the plaintiff refused to enter upon said trial, and asked to submit to a voluntary nonsuit; and thereupon, and on motion of the attorney for the defendant, it was ordered by the court that the action be, and the same was thereby, dismissed, with costs to be taxed in favor of the defendant. From the judgment entered thereon accordingly the plaintiff brings this appeal.

Counsel for the defendant concedes that the only question presented by this appeal is whether the application for the change of venue was "made in due season," or "made too late," and the presiding judge certifies that question or point of law to be of such doubt and difficulty as to require the decision of this court. The affidavit was in strict compliance with the statutes (S. & B. Ann. Stats. sec. 2625). This being so, and the statute being imperative, it rendered the presiding judge incompetent to try the case, if the application was seasonably made. *Futt v. Fatt*, 78 Wis. 635, and cases there cited. "If the court actually lost jurisdiction by virtue of such application, then it did not regain it by reason of any subsequent proceeding in the case." Id. The only question, therefore, is, as stated by counsel, whether the application was seasonably made, or made too late.

It has repeatedly been held that the application is too late if not made until after a jury has been called and a trial

of the cause commenced. *Swineford v. Pomeroy*, 16 Wis.
553; *Cairns v. O'Bleness*, 40 Wis. 469; *Grobman v. Hahn*, 59
Wis. 93; *Allis v. Meadow Springs Distilling Co.* 67 Wis. 16;
*Duffy v. Hickey*, 68 Wis. 380; *Schuetze v. Continental L. Ins.
Co.* 69 Wis. 252. It has also been held by this court that
such application was seasonably made, "although the cause
was upon the calendar for trial and the parties had agreed
that it should be referred." *Eldred v. Becker*, 60 Wis. 52.
It is claimed that the case at bar is ruled by *Grobman v.
Hahn, supra.* That case was properly on the calendar of
the Dodge county court for trial, December 6, 1882, and was
called, and a jury was drawn and struck, and by agreement
of the parties the trial was set for December 27, 1882. A
*venire* was thereupon issued and served on the jurors se-
lected, who were present in court on the day named. The
defendant was also present with his witnesses, ready for
trial. Whereupon the plaintiff applied for such change of
venue, and it was held that it came too late. That case was
distinguished in *Eldred v. Becker, supra*, and Mr. Justice
LYON said that the application in *Grobman v. Hahn* was
made "after the trial had substantially commenced, although
the jury had not been actually sworn." In that case the
jury were selected and summoned under sec. 2478, S. & B.
Ann. Stats. As therein prescribed, when the cause was
called for trial a demand was made "in open court" for a
trial by jury; and thereupon the clerk drew the same, and
the respective parties were then and there entitled to "per-
emptory challenges . . . as in case of drawing a jury
in the circuit court, except that the persons so drawn need
not be present when drawn." Id. When so drawn, or other-
wise agreed upon by the parties, a *venire* therefor was re-
quired by the statute to "be issued by the *court* to the
sheriff," who was therein required to summon the persons
therein named to serve as such jury, and it was for the *court*
to fix the time in such *venire* when such jurors should be

required to appear in court. Id. In case of any failure to appear, or any legal objection to or excuse of any of those who did appear, the *court* was therein required to direct the sheriff to summon from the county or bystanders other disinterested persons, as talesmen, to supply the deficiency, but otherwise the twelve men so selected were to be the jury in the case. Id. Under that statute the court was necessarily an active agency in doing what was done in *Grobman v. Hahn*. In selecting the names of the sixteen persons from whom a jury was to be chosen in the case at bar, as indicated, and the issuing of a *venire* for the same, and fixing the time when the same should be made returnable, and summoning them to appear, the presiding judge, under the statute, had no part. Laws of 1889, ch. 268 (S. & B. Ann. Stats. secs. 2544s–2544y). The first thing he was called upon to do in the case was to change the venue, which he refused. Ordinarily a party can have no good reason for believing a judge to be prejudiced against him in an action until he does something in or says something about parties or the action. The affidavit of prejudice in the case at bar may be, and presumably was, based upon something that occurred after the making of the stipulation mentioned. True, the parties had agreed to try the cause by the jury so obtained; but we do not understand that either party thereby intended to waive, or did waive, the right secured by statute for the change of venue in case a good reason for doing so should arise. Besides, the presiding judge, notwithstanding such application, had the right, "in his discretion," to retain the action and call in another circuit judge to try the same before such jury. Laws of 1887, ch. 435 (S. & B. Ann. Stats. sec. 2624a). We are constrained to hold that the rulings of the trial court were erroneous.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for further proceedings according to law.