THE STATE EX REL. BARTEAU, Commissioner, etc., vs. CIRCUIT COURT FOR OUTAGAMIE COUNTY.

*November 28 — December 16, 1898.*

Certiorari: *Questions considered: Order.*

1. The only question which the supreme court can consider upon a writ of *certiorari* to the circuit court is the jurisdiction of that court. It cannot review the action of the latter court in discharging children, on *habeas corpus*, from the custody of the commissioner of the poor.

2. Upon *certiorari*, where a full return has been made to the writ and no motion has been made either to supersede or to quash it, no order can be entered other than an affirmance.

CERTIORARI to review proceedings of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Order affirmed.*

This was a writ of *certiorari* issued by this court on the relation of *Morris F. Barteau*, commissioner of the poor, etc., to review the action of the circuit court for Outagamie county in discharging, upon *habeas corpus*, from the custody of the relator, certain children committed to him for transmission to the state public school at Sparta by the county judge of Outagamie county. No attack is made by the relator upon the jurisdiction of the circuit court to issue its writ of *habeas corpus* and inquire into the reason for the restraint of the children. The circuit court for Outagamie county made full return to the writ of *certiorari*, and there was no motion either to supersede or quash the same.

The cause was submitted for the relator on the brief of *John Bottensek*, district attorney.

For the respondent there was a brief by *Roemer & Spencer*, attorneys, and *Humphrey Pierce*, of counsel, and oral argument by *Mr. Pierce*.

DODGE, J.   The only question which can be considered by this court upon the writ of *certiorari* is the jurisdiction of the circuit court.  *State ex rel. Turner v. Circuit Court*, 71 Wis. 595.   That jurisdiction is not attacked by the relator, and is sustained by sec. 8, art. VII, Const. ´ We are not at liberty, therefore, to consider the merits of either the custody or the discharge of the alleged dependent children, although argued by both parties.

It is suggested in the respondent's brief that the writ should be quashed, but it appears that full return has been made thereto, and no motion either to supersede or to quash has been offered.   In the absence of such motion, no order can be entered other than an affirmance.  *State ex rel. Dalrymple v. Milwaukee Co.* 58 Wis. 4; *State ex rel. Cameron v. Roberts,* 87 Wis. 292.

*By the Court.*— The order or judgment made by the circuit court for Outagamie county, referred to in the writ, is affirmed.