THE STATE EX REL. WINCHELL VS. THE CIRCUIT COURT FOR WAUKESHA COUNTY.

*December 16, 1902—January 13, 1903.*

Certiorari, *when not proper remedy: Change of venue pending trial:* Mandamus: *Supreme court: Superintending power: Correction of jurisdictional excesses: Practice.*

1. In a suit to abate a nuisance, pending in a county court having civil jurisdiction, the action was tried on equitable issues, the order therefor providing that, should judgment thereon go against defendant, the ultimate assessment of damages be made by a jury or referee. Interlocutory judgment on the equitable issues having been entered in favor of plaintiff, it was affirmed on appeal. After remission of the cause it was placed on the calendar for trial. Thereupon the defendant filed an affidavit of prejudice of the judge, and an order was entered changing the place of trial to the circuit court. *Held*, that such order, changing the place of trial, was void, being beyond the jurisdiction of the court, since it was made after the trial had commenced and while it was not yet fully completed.

2. Where, on application for a change of venue, the court's action in actually transmitting the record is beyond its jurisdiction, because taken after the trial had commenced, and, on due motion therefor, the court to which the record has been physically transmitted refuses to remand the record, the only process by which the supreme court can compel the granting of an order remitting the record to the county court, is by writ of *mandamus*.

3. In such case, since reversal of the action of the court to which the record has been transmitted will still leave the record in the wrong court, and the relator in the same predicament, the supreme court will not allow a litigant to invoke its superintending power, as nothing practical can be accomplished thereby.

4. Where a county court exceeds its jurisdiction in improperly transmitting the record in a cause to the circuit court, the latter court has jurisdiction to hear and decide a motion to remand the record, and such motion being within its jurisdiction an order denying the same cannot be reviewed on *certiorari*.

*Certiorari* to review an order of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Writ quashed.*

Motion to quash a writ of *certiorari* addressed to the circuit court, and based upon the following facts: The relator having brought an action in the county court for Waukesha county against the city of Waukesha to abate a nuisance consisting in the emptying of impure and noxious sewerage into a stream above and near her land, and to recover damages thereby occasioned, and that action being at issue, both as to the existence of the nuisance and the amount of damages, it was called for trial on May 19, 1900. Thereupon the court directed (the parties consenting) that the action be tried upon the equitable issue, or upon all the issues except the question of damages; the judgment to provide, should it be against the defendant, for the ultimate assessment of damages by a jury or reference. Interlocutory judgment was entered in favor of the plaintiff, and, upon appeal to this court, was on April 9, 1901, affirmed, with slight modification. 110 Wis. 101, 85 N. W. 668, 84 Am. St. Rep. 902. After remission of the case, it was placed on the calendar, and the judgment of the county court modified to conform to the mandate of the supreme court; and thereupon, on March 4, 1902, the defendant filed an affidavit of prejudice of the judge of said court, whereupon an order changing the place of trial to the circuit court of *Waukesha* county was entered, and the records transmitted to that court. Thereupon the plaintiff, upon affidavits showing substantially the foregoing facts, moved the circuit court for an order remanding the record to the county court, which order, on June 10, 1902, was denied by the circuit court; that court holding that said action was properly removed. Original writ of *certiorari* from this court was sued out upon the assertion that the circuit court had no jurisdiction of the case, "to the end that this court may be certified of all proceedings in said action, and said order overruling plaintiff's motion to remand the records in said action to said county court duly reversed." The circuit court made return of the entire record, and now moves to quash said writ as improvidently issued.

For the relator there was a brief by *Armin & Waite,* and oral argument by *C. E. Armin.*

For the respondent the cause was submitted on the brief of *Henry Lockney,* attorney, and *H. J. Frame,* of counsel.

DODGE, J. That the order of the county court changing the venue of the action of *Winchell v. Waukesha,* 110 Wis. 101, 85 N. W. 668, was made after the trial had commenced, and while it was not yet fully completed, seems too obvious for debate, in the light of the decisions. *Swineford v. Pomeroy,* 16 Wis. 553; *Cairns v. O'Bleness,* 40 Wis. 469; *Grobman v. Hahn,* 59 Wis. 93, 17 N. W. 545; *Duffy v. Hickey,* 68 Wis. 380, 32 N. W. 54; *Peterson v. Daniel Shaw L. Co.* 93 Wis. 500, 67 N. W. 1118. Hence, of course, that order, when made, was beyond the jurisdiction of the county court and void, and, had it been called to the attention of this court by *certiorari,* must have been reversed. *State ex rel. W. G. Taylor Co. v. Elliott,* 108 Wis. 163, 84 N. W. 149. That, however, was not done, but the record was allowed to be physically transmitted to, and entered in, the circuit court, so that affirmative action became necessary to secure its remand to the court from which it had been improperly sent. In that situation, application for such affirmative action was made, and was simply refused by the circuit court. The present writ seeks merely to review the action of the circuit court in refusing such application. That must be denied, for two entirely sufficient reasons: First. That the only relief possible to accord on *certiorari,* namely, reversal of the order complained of, would be futile and ineffectual, and this court will not allow litigants to invoke its superintending power over inferior courts when nothing practical can be accomplished thereby. Clearly, the only act by the circuit court which can yield relator practical relief is an affirmative order remanding the record. The only process by which this court can compel the granting of any such order is *mandamus.* The situation

here presented is the converse of that in *State ex rel. W. G. Taylor Co. v. Elliott, supra.* There the record had not gone from the proper court, and the reversal of an affirmative order prevented it from going, and preserved the *status quo.* Here, on the contrary, reversal of the order complained of will still leave the record in the wrong court, and the relator in the same predicament as now. Further, however, it is apparent that since this record cannot pass out of the circuit court, and back to the county court, without action by the circuit court, such action is within its jurisdiction. In other words, the circuit court had jurisdiction to entertain relator's motion to remand, and to consider and decide thereon. This constitutes jurisdiction. *State v. Ludwig,* 106 Wis. 226, 233, 82 N. W. 158. Hence the order denying relator's application, now complained of, was within the jurisdiction of the circuit court, and cannot be reviewed upon *certiorari.* That process, when addressed to other courts, reaches only the question of their jurisdiction. *Hauser v. State,* 33 Wis. 678; *State ex rel. Barteau v. Circuit Court,* 101 Wis. 422, 77 N. W. 745.

For these reasons, it is apparent no practical relief is obtainable upon the present writ, and the same should be quashed.

*By the Court.*—So ordered.