6]        JANUARY TERM, 1928.        271

State ex rel. Basford v. Maxfield, 195 Wis. 271.

---

STATE EX REL. BASFORD, Appellant, vs. MAXFIELD, Municipal Judge, Respondent.

*February 7—March 6, 1928.*

*Courts: Supervisory control of municipal court by circuit court: Criminal law: Change of venue requested after jury impaneled.*

1. The circuit court for Rock county has supervisory control over the municipal court of that county. p. 272.
2. The application of the defendant in a prosecution for a violation of the prohibition act for a change of venue, filed after the jury had been sworn and defendant was in jeopardy, was properly denied, as sec. 356.03, Stats., provides that an application for a change of venue in a criminal action must be filed in the manner provided for a change of venue in civil actions, and an application for a change of venue after a jury is impaneled comes too late. p. 272.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

A writ of *certiorari* was issued on October 27, 1926, to reverse a judgment of the municipal court of Rock county convicting *Rose Basford* of a violation of the prohibition act. From a judgment entered January 3, 1927, quashing the writ this appeal was taken.

The relator entered a plea of not guilty and a jury was

impaneled and sworn. The case was then adjourned to a later date for trial. On the date of the trial the defendant filed an affidavit of prejudice against the presiding judge, and moved that the venue be changed. The motion was denied. The defendant was tried and found guilty.

The cause was submitted for the appellant on the brief of *Edward H. Ryan* of Janesville, and for the respondent on that of *George S. Geffs,* district attorney of Rock county.

STEVENS, J. (1) The circuit court was in error in holding that it had no supervisory control over the municipal court. *State ex rel. T. L. Smith Co. v. Superior Court,* 170 Wis. 385, 388, 175 N. W. 927.

(2) The writ was properly quashed, however. The defendant filed her application for a change of venue after the jury had been sworn and after she was in jeopardy. She had no right to demand a change of venue at that time. "As the right to a change is purely statutory, unless it is invoked upon the terms and in the manner provided by the statute, it does not exist at all." *Oborn v. State,* 143 Wis. 249, 257, 126 N. W. 737. The application for a change of venue in a criminal action must be "filed in the manner provided by law for a change of venue in civil actions." Sec. 356.03, Stats.

An application for a change of venue made after the jury is impaneled comes too late. The application was properly denied. *Grobman v. Hahn,* 59 Wis. 93, 95, 17 N. W. 545.

*By the Court.*—Judgment affirmed.