UPMAN vs. SECOND WARD BANK and another.

When a judgment is docketed, it becomes a lien upon the real estate of the debt-
    or in the county, not occupied by him as a  homestead, and the debtor can-
    not defeat the lien, or prevent its enforcement, by afterwards moving into
    the property and occupying it as his homestead.

| 15 | 449 |
| 88 | 464 |
| 15 | 449 |
| d104 | 285 |

APPEAL from the Circuit Court for *Milwaukee* County.
    VOL. XV—29

January Term, 1862.

UPMAN
v.
SECOND WARD BANK et al.

This was an action to restrain the defendants from selling, on executions in favor of the *Second Ward Bank*, a certain lot in the city of Milwaukee, which the plaintiff claimed as his homestead. The facts are sufficiently stated in the opinion of the court. The circuit judge held that the lot was not exempt as a homestead, and dismissed the complaint.

*Mat. H. Carpenter*, for appellant:

It was claimed in the court below that as the debtor was not actually residing on the lot at the time the judgments were rendered, and as he was under injunction issued on supplementary proceedings, he could not, while the injunctional order was in force, move into the house mentioned in the complaint and claim it as a homestead. 1. By the law in force at the time these judgments were rendered, as it had been expounded by this court in *Hoyt vs. Howe*, 3 Wis., 752, and *Simmons vs. Johnson*, 14 Wis., 523, the judgments were *liens*, and the only effect of the exemption is to stay a sale. Therefore the question is not whether the debtor was in possession at the time the judgment was rendered, but whether he was at the time the sale was attempted. Even if he had not been in possession when the property was advertised, he might have moved in before the sale, and thus be protected by law. 2. The injunction did not in terms, nor was it intended to, restrain the debtor from setting up his right to exemption.

*Smith & Salomon*, for respondent, referred to sec. 23, chap. 134, R. S., 1858, and chap. 137, Laws of 1858, and said: We hold that in order to give a reasonable and just effect to those statutes, they ought to be construed as exempting the homestead from forced sale on execution upon judgments obtained after the property was a homestead, and not to exempt such property from sale on a judgment which was a lien thereon before it became a homestead. For if the statutes should be held to operate upon judgments obtained prior as well as subsequent to the time when the property became the homestead of the judgment debtor, they would have a retroactive effect, by divesting a lien previously existing, and would enable a person, by successively claiming different pieces of property as his homestead, to free them from the liens of his judgment creditors. Suppose a person should be the owner of several pieces

of real estate, and judgments should be obtained against him and become a lien on them, and he should then make his homestead on one of these pieces; the lien of the judgment creditor would, under a construction of the law different from the one we contend for, thereby become divested; and the judgment debtor might sell his homestead free from the lien; he might, after such sale, occupy another of those pieces as his homestead, thereby divest the lien on that also, and sell it free from the prior incumbrance; and thus he might, under the shield of these laws, defeat the judgment creditor in his attempt to collect his judgment out of the real estate.    If a law will bear a construction that will prevent its having a retrospective effect, or its disturbing vested rights, that construction must be adopted.    Broom's Legal Maxims, 28 *et seq.*; *Dash vs. VanKleek*, 7 Johns., 503; *Moore vs. Phillips*, 7 M. & W., 536; *Edmonds vs. Lawley*, 6 id., 285; *Osborne vs. Huger*, 1 Bay, 179.

*By the Court*, COLE, J.    We fully concur in the conclusion of the circuit court, that the appellant cannot claim the property mentioned in the pleadings, as exempt from sale on the executions upon the ground that it was his homestead. When the judgments were obtained, upon which the executions were issued, he was not a resident of the state, but lived with his family in Minnesota.  Executions were issued upon those judgments, and owing to some uncertainty as to the precise nature of his interest in this property, it was not levied on and sold, but the executions were returned unsatisfied.    Then supplemental proceedings were instituted, and an order obtained requiring him to appear before the county judge of Milwaukee county, and answer concerning his property.    Although this order was personally served upon him, he disregarded it and went home.   Subsequently an order was made in the supplemental proceedings, appointing a receiver, and ordering the receiver to sell the plaintiff's interest in this real estate.    After all this had taken place, the plaintiff removed to this state, induced his tenant to give up possession of the premises, and went into actual possession himself, with his family, and claimed them as his homestead.

January Term,
1862.

Upman
v.
Second Ward
Bank et al.

The premises consist of a lot of ground of less than a quarter of an acre, with a large building erected thereon, which was designed, and is in fact used and occupied, for a hotel and stores. The plaintiff now keeps the hotel, but he and his family only occupy exclusively one parlor and two bedrooms therein. The rest of the building is devoted to the use of guests and the purposes of a hotel. I do not deem it a material circumstance, but I deem it proper to add, in order to make the statement complete, that the order appointing the receiver and directing him to sell the plaintiff's interest in the property, was appealed to this court, and reversed after he went into possession. This court held that there was no necessity for appointing a receiver to sell the property, but that it might be levied on and sold upon execution. Now laying out of view, for the time being, all considerations in regard to the character, nature and use of this property— the fact that it was originally designed and built for a hotel and stores and not for a dwelling house,—or the question whether it would all be exempt from sale on an execution, providing the plaintiff had occupied it with his family in the same manner he did, at the commencement of this suit— and we still think, under the circumstances, he cannot claim it as exempt against judgments which became a lien upon it while he was residing in Minnesota.

Under the statutes of this state, a judgment of a court of record becomes a lien upon the debtor's real estate, situated in the county where the judgment roll or transcript of the judgment is filed. Sec. 36, chap. 132, R. S. 1858. In *Hoyt vs. Howe*, 3 Wis., 752, this court held that the judgment became a lien even upon the homestead, but that the lien could not be enforced by a sale upon execution until the debtor, by his voluntary act, ceased to occupy the premises as a homestead, or alienated them.

This decision undoubtedly induced the legislature to interfere, and extend still further the privilege of the homestead exemption law. For in 1858, chapter 137 was enacted, which declared that the owner of a homestead might remove therefrom, or sell and convey the same, without rendering such homestead subject or liable to forced sale on execution

January Term, 1862.

UPMAN
v.
SECOND WARD BANK et al.

or other final process.  Now it is claimed to be the legitimate result of this legislation and decision, that it is a circumstance of no importance whatever, whether the debtor is in the occupancy and possession of the property, enjoying it as a homestead, when the judgments are obtained, but that it is sufficient if he is in such actual possession and occupancy at the time of sale.

We deem this an erroneous view of the subject.  The statute makes it a material condition to the exemption of the property, that it is "*owned and occupied by a resident of this state*" for a homestead.  The word homestead itself means a place of residence, which again implies occupancy, possession.  If the property is not a homestead when the judgment is obtained, it is a lien upon it.  The property not being a homestead, in other words not being exempt, when the judgment is obtained, the judgment creditor has the right to levy on the same to the exclusion of other adverse interests subsequent to the judgment; and when the levy is made, the title of the creditor relates back to the judgment, so as to cut off intermediate incumbrances.  Now while the judgment creditor is following up the steps of the law to make his general lien effectual, by selling real estate not exempt from sale on execution, can the judgment debtor interfere, and annul and destroy this right, by claiming the property as a homestead?  It appears to us not, and that the legislature could never have contemplated any such result.  For if the judgment debtor could defeat the creditor under such circumstances, and destroy his right to sell the property, we are unable to see why a party might not, upon the same principle, buy real estate subject to sale under prior existing liens, and then utterly defeat those liens by claiming the property for a homestead.  Hence we are of opinion, if at the time the judgment is rendered, the property is not exempt, that then the creditor may proceed and consummate his title by levy and sale under the judgment, and that it is not in the power of the debtor to defeat this right.

It was claimed that this case comes within the principle of *Phelps vs. Rooney*, 9 Wis. R., 70, but we think it is clearly distinguishable from it.  In *Phelps vs. Rooney*, it satisfac-

torily appeared that Rooney was in possession of and occu pying the premises with his family, as a dwelling house, when the mortgage was executed. It is not like the case at bar, where the plaintiff, by a removal to this state and occupation of the property subsequent to the rendition of the judgment, attempts to defeat the lien of the judgment, or prevent its enforcement, by claiming the property as his homestead.

From the view we have taken, it becomes unnecessary to consider whether, if the plaintiff had been in the actual possession of the hotel, with his family, at the time the judgments were rendered, in the same manner he was at the commencement of this suit, he could have claimed the whole or any portion of the building as a homestead, under the exemption law. This is an important question, and one eminently practical, but it would be improper to express an opinion upon it before it is fairly presented to us on the record.

The judgment of the circuit court, dismissing the appellant's complaint, is affirmed, with costs.