Jones *v.* Ragland.

R. B. JONES *v.* H. RAGLAND et al.

ASSIGNMENT. *Real estate. Vendor's lien. Priority.* A trust assignment of land for the benefit of a creditor, duly registered, made by a devisee of the land to secure a debt of the testator renewed by the executor will have preference over a vendor's lien for unpaid purchase money resting in parol, the legal title to the land being in the devisee, and the assignees having no notice of the lien until after the deed was accepted.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

TAYLOR & CARROLL for Complainant.

J. R. & W. S. FLIPPIN for Defendants.

COOPER, J., delivered the opinion of the Court.

Bill filed on the 7th of December, 1877, subsequently amended, and is before us upon demurrer to the bill as amended. James C. Jones, the father of complainant, and R. C. Brinkley, at some time prior to 1859, in which year Jones died, entered into a partnership arrangement for building the Memphis and Germantown plank road. Brinkley furnished the capital and Jones his services, with the agreement that the profits and losses should be equally shared between them. At the

completion of the work they had realized as profits of the enterprise a certain tract of land described.

Upon settlement of the business it was agreed that Jones was entitled to one undivided half of the land and Brinkley to the other half, the legal title to the whole tract being in Jones. Complainant, then a child of three or four years of age, had been named after Brinkley. For this reason, Brinkley felt an interest in complainant, and proposed to give him the benefit of his interest in the land. By consent of Brinkley, Jones agreed to pay complainant, in place of the land, the sum of $10,000, and executed his note therefor, payable to the complainant when he should come of age, and placed the same in the hands of Brinkley with the express understanding and agreement that there should be a lien on the land for the payment thereof. The note was immediately handed back by Brinkley to Jones, to be held by him for complainant, as his father and natural protector. The father accepted the trust and kept the note until just before his death, in 1859, when he destroyed it. He did no act indicating any

other purpose, than to perform the trust until a short time prior to his death, when he made his will. By said will, he devised and bequeathed all his property, real and personal, to his widow, Sarah W. Jones, without any reservation in favor of complainant. The said Sarah W. Jones knew, before the death of her husband, all the facts in

Jones *v.* Ragland.

relation to complainant's claim. Nevertheless, she sold, afterwards, to innocent purchasers, a part of the land, and on the 11th of July, 1874, executed to defendant, Hearn, a trust conveyance of another portion of the land to secure a debt of the husband, renewed by her as executrix of his will, in favor of the defendant, Ragland. She had since died, in April, 1876, after devising her property to complainant and Felix M. Jones, his only brother. This bill was filed to enjoin a sale under this trust deed, upon an advertisement of the land for sale by the trustee, the bill stating that the complainant had, only within a few days, been advised of his rights. The demurrer raises the question whether the facts create a trust or lien, which equity will enforce as against the beneficiary in the trust assignment.

The argument submitted in this case is addressed to the question whether a trust in land can, in this State, be created and evidenced by parol. But the facts raise no such question. They are, in substance, that Brinkley sold his undivided interest in the land to Jones in consideration of $10,000, to be secured by the purchaser's note, made payable to the complainant, and a lien upon the land.

In that view, conceding complainant's right to the lien, it would be the ordinary case of a sale of land where the vendor has conveyed to the vendee the legal title, and the purchase money is unpaid. In such a case, the vendee giving simply

his own note for the purchase money, there would be no waiver of the vendor's lien or equity on the land for the security of the debt.

This lien was at one time a favorite with our courts, and repeatedly recognized and enforced from *Kennedy* v. *Woolfolk*, 3 Hayw., 195, to *Brown* v. *Vanlier*, 7 Hum., 239, not only against the vendee and his heirs, but also against all persons claiming under him with notice of the vendor's equity : *Eskridge* v. *McClure*, 2 Yer., 84. In *Brown* v. *Vanlier*, the lien or equity was held to be superior to the right of a trustee and beneficiaries under a general assignment of the vendee for the benefit of creditors, where the vendor filed his bill for the enforcement thereof before the trust deed was executed. In *Green* v. *Demoss*, 10 Hum., 371, the ruling was qualified by construing it as merely giving the priority where the bill was filed before the trust deed was accepted by the beneficiaries.

This was an unwarranted construction of the opinion, as is clearly shown by Deaderick, C. J., in *Washington* v. *Ryon*, 5 Bax., 628. Nevertheless, the subsequent rulings of the Court have been still more against the vendor's lien. In *Fain* v. *Inman*, 6 Heis., 5, the lien became, "if not quite a myth," only a "floating equity" or "capacity to acquire a lien," and was made to give way to the right acquired under a trust assignment of the vendee to secure a creditor, although the creditor had, before the execution of the trust assignment, full knowledge that the purchase money due the

vendor had not been fully paid. The Court is of opinion that the later decisions are more nearly ·in accord with the policy of our registration laws, and adheres to them.. My own inclination, in which Judge Freeman concurs, would be otherwise.

The present bill does not show that the trustee and beneficiaries, made defendant, had notice of the complainant's equity. Their right would, under these circumstances, have been good against a positive deed or trust, in writing, given to the complainant but never registered: *Myers* v. *Ross,* 3 Head., 60. It is, of course, superior to a mere lien or trust, neither reduced to writing nor registered.

The Chancellor's decree must be reversed, the demurrer sustained, and the bill dismissed with costs.