BERGER, Respondent, vs. BERGER and others, Appellants.

*September 27 — October 20, 1899.*

*Vendor's lien on land: Abrogation by statute: Death of vendee: Homestead.*

1. The general rule is that a vendor of real estate has an equitable right to a lien thereon to secure unpaid purchase money, though such right is not an interest in the land, but the mere capacity to acquire an interest through the interposition of a court of equity.
2. The right to a vendor's lien for unpaid purchase money may be abrogated by statute, but in the absence of such a statute .it is not lost by the death of the vendee.
3. Sec. 2271, Stats. 1898, providing that a homestead, in case of the death of its owner without having lawfully devised the same, shall descend to his heirs free of all claims or liens, with certain exceptions not including liens for unpaid purchase money, abrogates, as to such property, the common-law right to acquire a vendor's lien thereon.

[Syllabus by MARSHALL, J.]

APPEAL from an order of the circuit court for Columbia county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

Action to have unpaid purchase money of lands adjudged to be an equitable lien thereon. The complaint states that plaintiff, being the owner of an undivided interest in land described, sold such interest to Leo Berger for $400, payable April 12, 1894, with interest thereon at the rate of six per cent. per annum; that subsequently Berger died, leaving a widow and children, the defendants in this action; that the property has not been paid for; that Leo Berger, from the time he purchased the property till his death, occupied it as his homestead, and that he left no other property out of which plaintiff can recover her claim; that such claim has been duly allowed by the county court. The defendants demurred to the complaint for want of facts sufficient to constitute a cause of action. The demurrer was overruled and defendants appealed.

*W. S. Stroud,* for the appellants.

For the respondent the cause was submitted on the brief of *J. H. Rogers.*

MARSHALL, J.   It is conceded that, ordinarily, a vendor of real estate has an equitable right to a lien upon the subject of the sale for unpaid purchase money.   *Tobey v. McAllister,* 9 Wis. 463; *Wickman v. Robinson,* 14 Wis. 493.   Also that the death of the grantee does not extinguish the right of lien; that notwithstanding such circumstance, such right may be enforced against the widow and heirs at law of the deceased vendee.   *Crowe v. Colbeth,* 63 Wis. 643.   It is contended by the appellants, however, that such rule does not apply to a homestead, because as to such property the common-law rule has, by implication, been abolished by statute.

It is an old and well-established principle of equity that a vendee of land cannot in good conscience retain it and not pay therefor in full, and that a court of equity will recognize and enforce the vendor's equitable rights.   That right, however, is not a lien in the strict sense of the term, though it is commonly spoken of as such.   It is not an interest in the land reserved by the vendor, but is a mere equitable right to a lien.   Till the right is judicially fixed upon the land, the vendor is possessed of but the capacity to acquire a lien, which he may lose in various ways.   Being but a mere creature of the unwritten law, it may be changed or abolished entirely by statute if thought best in the wisdom of the legislature.   The right to a vendor's lien has been abolished by legislative enactments in many of the states, and in others, because of the policy of the recording acts, it has been treated as nothing but a mere floating equity prior to the commencement of judicial proceedings to acquire a specific lien upon the land.   *Jones v. Ragland,* 72 Tenn. 539. A purchaser without notice of the equity of a vendor is entirely unaffected by it.   The conveyance of land by deed

passes the entire title, legal and equitable, to the vendee, subject to the vendor's equitable right to resort to it to collect unpaid purchase money, saving, however, the rights of innocent third persons. Except as otherwise provided by statute, and saving the rights of innocent interveners for value, the vendor may demand the exercise of the power of a court of equity to lay hold of the property and subject it to the payment of the purchase-money claim.

Now our statute (sec. 2271, Stats. 1898) provides that "When the owner of any homestead shall die, not having lawfully devised the same, such homestead shall descend, *free of all judgments and claims against such deceased owner or his estate except mortgages lawfully executed thereon and laborers' and mechanics' liens.*" Looking at that language alone, there is no room for any other conclusion than that the right to a vendor's lien is thereby abolished in case the property is a homestead. But it is said that, in *Carey v. Boyle*, 53 Wis. 574, this court passed upon the question here involved, by sustaining the right of lien. An examination of that case, however, as suggested by appellants' attorney, reveals the fact that the attorneys for both sides of that controversy conceded the right of lien in favor of a vendor, notwithstanding the death of the vendee. Such right was not questioned, presented, considered, or discussed. The controversy was as to whether a person who furnishes the vendee the money with which to make his purchase is entitled to the benefit of the equitable rule for the protection of vendors. The effect of the statute as to freeing a homestead from the equitable right to a lien for unpaid purchase money upon the death of the vendee, did not occur to the counsel who presented the case, or to this court. That is quite evident.

It is further suggested that this court has held that the homestead right cannot extinguish an existing lien of a judgment, and from that it is argued that a purchase-money

lien, so called, cannot be displaced by the death of the debtor, and that the statute (sec. 2271, Stats. 1898) was not intended to have that effect. The difficulty with that is twofold. First, as we have shown, the purchase-money lien, so called, is not an interest in the land reserved in the vendor; it is not a lien at all in the sense of being a vested interest in the property, as is the lien of a judgment. Second, it by no means follows that, because a judgment lien upon land cannot. be extinguished by its subsequent occupancy as a homestead, it will not be extinguished, if a homestead, by the death of the owner. This court has made no decision that way, and it will be noted that the statute expressly provides that the homestead shall descend free of *all judgments against the owner.* We are referred on this subject to *Upman v. Second Ward Bank,* 15 Wis. 449, and *Bridge v. Ward,* 35 Wis. 687, but they have little or no bearing on the question under consideration. In the first case the point decided was that if a judgment once becomes a lien on real estate, the subsequent occupancy thereof as a homestead will not extinguish such lien,— quite a different question than whether a judgment lien on the homestead of the judgment debtor will be extinguished by his death by force of the statute governing the descent of homesteads. In the other case the point decided was that a judgment against a devisee of lands, existing at the time the devise takes effect by the death of the testator, will immediately attach to the land devised and cannot thereafter be extinguished by the mere subsequent occupancy of the land by the debtor and devisee as a homestead. The case goes no further than *Upman v. Second Ward Bank.*

Again, it is suggested that to give the statute the literal meaning contended for by the appellants, would cut off tax liens. That is suggested as conclusively demonstrating the proposition that there is room, at least, for judicial construction of the section under consideration; that, as it cannot

Berger vs. Berger and others.

be claimed that the lien of a tax will be affected by the death of the owner of a homestead, the lien for purchase money must be governed by the same rule. But, as we have heretofore indicated, there is a wide difference between the mere capacity to acquire a lien,— a mere floating equity, as stated,— and an actual incumbrance upon the title. Again, it may well be said that the term " claims against the deceased or his estate " refers to claims founded on contract of some kind, and not to impositions laid on property under the taxing power of the state. Further, it is by no means beyond legislative power to free a homestead, by the circumstance of the death of the owner, from even tax liens levied subsequent to a legislative enactment in that regard.

The language of the statute seems plain and unmistakable. " *Such homestead shall descend, free of all ·judgments and claims against such ,deceased owner or his estate except mortgages lawfully executed thereon and laborers' and mechanics' liens.*" The mere right to acquire a lien cannot be called a mortgage. That term applies only to conveyances in writing of equitable interests in land as security. To give any other meaning to it, or to make any exception when the statute plainly says there shall be none, would violate the plainest principles of statutory construction.

It is often said that in the construction of statutes courts should look to the effects and consequences, but that applies only where there is room for construction,— where there is ambiguity of expression or where to follow the literal sense would lead to some absurd result. Here there is no ambiguity. The language is plain. To follow its literal sense will strictly conform to the policy of the law to protect homestead rights. Moreover, there is no hardship whatever in requiring the owner of an equitable right against a homestead to enforce it in the lifetime of the debtor or suffer its loss. On the contrary it is a very wise provision of law. Laws for the protection of homestead rights are among the

most beneficent of legislative enactments, and for that rea-
son they are uniformly liberally construed and rigorously
enforced.

We must hold to the plain letter of the statute, deciding
that the right to enforce a vendor's lien upon a homestead
is lost by the death of the owner of such homestead.

*By the Court.*— The order appealed from is reversed, and
the cause remanded for further proceedings according to
law.