STATE EX REL. RASMUSSEN, Petitioner, vs. CIRCUIT COURT FOR KENOSHA COUNTY, Respondent.

*September 18—October 13, 1936.*

*Lillian M. Rasmussen* of Kenosha, *in pro. per.* for the petitioner.

For the respondent the cause was submitted on the brief of *Alfred L. Drury* of Kenosha.

FAIRCHILD, J.    The petitioner is the owner of the judgment, having acquired the same by assignment.   M. A. Rasmussen died December 2, 1932.   The judgment debtor, during his life, was seized of property upon which the judgment is a lien.   More than a year after M. A. Rasmussen died, relator, under sec. 272.14, Stats., secured the issuing of an execution.   This is an application for leave to issue a second execution.   There was some stipulation on her part in relation to the imposition of a condition when the first execution was issued, but, as the final result of the matter was the vacating of the sale and the return of the execution unsatisfied, there was nothing to prevent or interfere with the second application.

In considering relator's request for leave to issue the second execution, the court evidently considered the matter in the light of a renewal of the first application, and, we apprehend, concluded that there existed some commitment upon her part to submit to the imposition of the condition which was imposed, and which reads as follows:

"It must be understood, however, and is a condition influencing the issue of a second execution as it was when issuance of the first execution was allowed, that the execution shall issue against the 'warehouse' property only and that if the plaintiff's assignee or anyone in her behalf bids on and purchases said 'warehouse' property the bid and the purchase

price must at least equal the total sum due to plaintiff's assignee, thereby releasing all the rest of the estate of M. A. Rasmussen from the lien of said judgment. The plaintiff's assignee agreed to this in the first instance."

In order that creditors may not embarrass an estate and add to existing confusion-due to the death of the owner, sec. 272.14, Stats., requires the judgment creditor on whose judgment an execution has not issued to wait a year after the death of the judgment debtor and then to secure an order for the issuing of such execution, upon sufficient cause shown. The statute provides, in cases such as this, where one year has passed since the death of the judgment debtor, an execution may be issued against the property upon which the judgment is a lien and may be executed in the same manner and with the same effect as if he were still living.

The court, being satisfied in this instance of the existence of a proper case for the issue of an execution, should have granted its order without imposing any condition. The function of the court is to determine whether an execution shall issue and, when so satisfied, to grant an unqualified order therefor. The character, purpose, and effect of the execution when permitted is fixed by statute. The restrictive condition under review was improvidently imposed, and, as it amounts to a refusal of the proper order, a denial of a right results.

The objection that petitioner has mistaken her remedy is not sustained, for the reason that the circuit court was without authority to impose the condition. *State ex rel. Barteau v. Circuit Court for Outagamie County*, 101 Wis. 422, 77 N. W. 745; *State ex rel. Peart v. Wisconsin Highway Comm.* 183 Wis. 614, 198 N. W. 753.

The motion to quash the writ is denied, and the circuit court for Kenosha county is ordered and directed to grant its order authorizing the issuing of the execution, to be executed in like manner and with like effect as if the judgment debtor were still living.

*By the Court.*—So ordered.