MASTER LOCK CREDIT UNION, Plaintiff-Respondent,

v.

Alto Mae RAYFORD, Defendant,

Horace RAYFORD, Intervenor-Appellant.

Court of Appeals

No. 83-465. Submitted on briefs March 14, 1984.—
Decided May 4, 1984.
(Also reported in 349 N.W.2d 737.)

For the intervenor-appellant the cause was submitted on the briefs of *Legal Action of Wisconsin, Inc.*, with *Steven A. Taterka* and *Thomas P. Donegan* of counsel, of Milwaukee.

For the plaintiff-respondent the cause was submitted on the briefs of *Kenneth G. Ogie* and *Roger T. Lambert* of Milwaukee.

Before Wedemeyer, P.J., Decker and Moser, JJ.

DECKER, J. Horace Rayford (Rayford) appeals from an order directing a sheriff's sale of his ex-wife's lien interest in Rayford's homestead property. Rayford contends that the homestead exemption statute, sec. 815.-20, Stats., prevents such a sale. Because Rayford's homestead exemption right cannot defeat his ex-wife's lien interest, we disagree with Rayford's contention and affirm.

Rayford and Alto Mae Rayford (Alto Mae) were married in 1951. During the course of the marriage, they purchased a home in joint tenancy. Alto Mae incurred a debt to the Master Lock Credit Union (Master Lock) in the late 1970's. Master Lock brought an action against her to recover in 1979. In June, 1980, judgment was entered against her in the amount of $3,104.77.

Rayford and Alto Mae were divorced in June, 1982. One of the terms of the final stipulation was that Rayford received the home property; and Alto Mae, who had evidently moved out of the state by this time, was awarded a lien on that property of $7,500, $500 of which was set aside as attorney fees. This stipulation also stated that "[t]he lien is to be liquidated upon the sale of the real estate, or upon the demise of either of the parties."

On October 12, 1982, execution was issued against the right, title and interest of Alto Mae in the property in question. Rayford was permitted to intervene in the action but the trial court denied his motion to stay the execution sale and allowed Alto Mae's lien interest acquired in the divorce to be sold at a sheriff's sale. The sale took place on February 7, 1983, and the lien interest was purchased by Master Lock. Rayford appeals.

Rayford's three appellate issues all hinge upon his claimed homestead exemption under sec. 815.20, Stats.[1]

---

[1] Although the record before us is sparse, there is apparently no challenge to the formal requisites of sec. 815.20, Stats., (i.e., occupancy, equity of less than $25,000, etc.) as having been met by Rayford.

Rayford contends, on the strength of the homestead exemption, that both his homestead and his ex-wife's lien interest are exempt from execution and that Master Lock has no judgment lien against the property. Because we do not share Rayford's view of the purview of the homestead exemption, we shall dispose of all three issues by disposing of their common underlying premise concerning the homestead exemption.

While there is no question that homestead rights are preferred over the rights of creditors, *Schwanz v. Teper,* 66 Wis. 2d 157, 163, 223 N.W.2d 896, 899 (1974), it is equally true that a liberal construction cannot be used to write exemptions into the statutes. *Id.* at 164, 223 N.W. 2d at 900. We are persuaded that, under Wisconsin homestead law, the owner of real estate cannot claim, as Rayford would have us do, a homestead exemption greater than his interest or right in the property itself.

Our supreme court settled early on the notion that, where a judgment lien exists on property before the property is a homestead, the subsequent occupation of the property as a homestead does not affect the existing judgment lien.[2] *Upman v. Second Ward Bank,* 15 Wis. 492, 496 (*449, *453) (1862). This principle was reiterated in *Estate of Hogan,* 229 Wis. 600, 282 N.W. 5 (1939). There, our supreme court stated:

"While the homestead exemption provisions of the constitution should be liberally applied to carry out their manifest purpose, they were not intended to be so applied as to permit an injustice to be done. The purpose of the organic provisions is to secure homestead exemptions where

[2] A qualification of this rule, not germane to the case before us, occurs when a judgment lien attaches *before* the person buys the property, which is immediately used as a homestead. In such case, the homestead exemption is unaffected by the prior lien. *See Northern State Bank v. Toal,* 69 Wis. 2d 50, 57–59, 230 N.W.2d 153, 157 (1975).

they properly attach under the law and not to deprive lienholders of their vested rights in property to which the homestead exemptions may afterwards be extended." *Id.* at 604, 282 N.W. at 7, *quoting Pasco v. Harley,* 75 So. 30, 34 (Fla. 1917).

It is evident from these cases that homestead rights are no greater than are the underlying property rights at the time that a homestead obtains. We believe that the same logic leads to a similar conclusion when an existing homestead is encumbered by a lien of the owner's creation: homestead rights are no greater than are the underlying property rights when those rights have been limited by the owners themselves. We further believe that Wisconsin case law is consonant with the broader principle enunciated in other states that homestead rights can rise no higher than ownership rights. *See, e.g., Roberson v. Tippie,* 70 N.E. 584, 585 (Ill. 1904); *Sayers v. Pyland,* 161 S.W.2d 769, 773 (Tex. 1942); *Shepler v. Kubena,* 563 S.W.2d 382, 386 (Tex. Civ. App. 1978). Rayford's ownership of the property in question is apparently subject to a mortgage and is certainly subject to the lien created by the divorce stipulation. Rayford acquiesced to the divorce lien; he has presented nothing to this court to show how or why the mere transfer of that lien aggrieves, prejudices or even discommodes him or his legal rights.

Here, the stipulation which Rayford and Alto Mae entered into as part of their divorce judgment put a lien on property which apparently never ceased to be Rayford's homestead. There was and is evidently no challenge to the propriety of the terms of the divorce decree which gave Alto Mae a lien. All Master Lock has purchased, as reflected by the order appealed from, is Alto Mae's lien interest in the subject property which is, in sum, a $7,000 lien. Master Lock concedes that it took her rights subject to the terms of the divorce decree; it cannot force

partition and must wait to collect its $7,000 under the same terms as Alto Mae would need have waited. We can find no legal nor equitable reason to overturn the order for sheriff's sale, therefore.

*By the Court.*—Order affirmed.