In re Aaron C. **ARNHOELTER,** Debtor.

No. 10–20973–svk.

United States Bankruptcy Court,
E.D. Wisconsin.

July 7, 2010.

Edward J. Ritger, Ritger Law Office, Random Lake, WI, for Debtor.

## MEMORANDUM DECISION AND ORDER ON OBJECTION TO EXEMPTIONS

SUSAN V. KELLEY, Bankruptcy Judge.

The issue in this Chapter 12 case is whether the Debtor's homestead exemption trumps a judgment lien that was recorded when the property was owned by the Debtor's LLC. The facts are not disputed and fairly straightforward. In May 2007, Kiel Veterinary Clinic ("Kiel") obtained a judgment in the amount of $42,500 against Arnhoelter Dairy, LLC, Aaron C. Arnhoelter (the Debtor here), and his brother Gregory Arnhoelter. At the time that Kiel docketed its judgment, Arnhoelter Dairy, LLC was the title owner of certain real estate in Sheboygan County. The Debtor did not own any real property to which Kiel's judgment lien could attach, but apparently he lived at the

property owned by the LLC. In January 2010, the LLC transferred the real property to the Debtor and his brother, and they dissolved the LLC. The Debtor filed this Chapter 12 case on January 26, 2010, and claimed the real estate exempt under Wis. Stat. § 815.20. The Debtor listed Kiel as an unsecured creditor in his bankruptcy schedules. Kiel has objected to the Debtor's homestead exemption.

Wisconsin's homestead exemption is found in Wis. Stat. § 815.20(1) which provides in pertinent part:

> An exempt homestead as defined in s. 990.01(14) selected by a resident owner and occupied by him or her shall be exempt from execution, from the lien of every judgment, and from liability for the debts of the owner to the amount of $75,000, except mortgages, laborers, mechanics, and purchase money liens and taxes and except as otherwise provided.

■ The most basic requirement of the homestead exemption is ownership of the property; the statute provides in unambiguous terms that the property must be selected by a "resident owner and occupied by him." Here, at the time the judgment was docketed, the owner of the property was Arnhoelter Dairy, LLC, not the Debtor. Since the Debtor was not the title owner of the property, he could not claim it as his exempt homestead, even though he lived there. Title to the property is key, as explained by the Wisconsin Supreme Court in *Reeves & Co. v. Saxton:*

> [T]here must be a present right of occupancy by title in the person claiming the homestead, and that in the present case the right of occupancy and title is in Catherine Saxton, mother of defendant Erastus Wilber Saxton, and the defendant Erastus Wilber Saxton, having only a remainder or reversion after the termination of the life estate, has no present right of occupancy sufficient to carry

with it the privileges of homestead rights during the life estate in his mother, even though permitted to live with her on the premises.

145 Wis. 10, 11, 129 N.W. 784, 785 (1911). In this case, like *Reeves*, the Debtor lived at the property, but was not the title owner. Therefore, he was not entitled to claim it as exempt when the judgment was docketed. The Debtor argues he could subsequently obtain title ownership and defeat the judgment with his exemption, but this argument fails because his entitlement to the exemption is determined at the time the judgment is docketed.

■ In *In re Hogan*, 229 Wis. 600, 282 N.W. 5 (1938), the judgment debtor owned but did not occupy the property at the time the judgment was taken. She subsequently moved to the property and her heirs tried to claim the homestead exemption. The court held that since the property was not an exempt homestead at the time the judgment was docketed, the judgment debtor took the property subject to the judgment and could not claim the homestead exemption. The *Hogan* court quoted an 1862 decision of the Wisconsin Supreme Court:

> The statute makes it a material condition to the exemption of the property, that it is '*owned and occupied* by a resident of this state' for a homestead. The word homestead itself means a place of residence, which again implies occupancy, possession. If the property is not a homestead when the judgment is obtained, it is a lien upon it. The property not being a homestead, in other words not being exempt, when the judgment is obtained, the judgment creditor has the right to levy on the same to the exclusion of other adverse interests subsequent to the judgment; and when the levy is made, the title of the creditor

relates back to the judgment, so as to cut off intermediate incumbrances.

229 Wis. at 603, 282 N.W. 5 (emphasis in original, quoting *Upman v. Second Ward Bank*, 15 Wis. 449, 453 (1862)). The reasoning of these decisions is clear: the homestead exemption requires ownership and occupancy. If either of these critical elements is lacking at the time the judgment is docketed, the debtor is not entitled to claim the exemption, and cannot later "cure" the deficiency by moving to the property or obtaining a deed. Since in this case the Debtor did not own the property when Kiel's judgment lien attached, the property was not an exempt homestead, and the Debtor could not defeat the judgment by dissolving the LLC and purchasing the property.

The cases relied on by the Debtor do not support his arguments. While broad language in *Northern State Bank v. Toal* suggests that a judgment debtor who purchases property after a judgment is docketed can claim the property as exempt, the judgment debtor in *Toal* both owned and occupied the property when the judgment attached. 69 Wis.2d 50, 230 N.W.2d 153 (1975). In other words, *Toal* confirms that when a debtor purchases and occupies a homestead, the debtor will be entitled to claim the homestead exemption against existing and future judgments. However, the Wisconsin Supreme Court readily distinguished the situation in which after a lien attaches to property, the judgment debtor attempts "to change the status of the property to exempt it." *Id.* at 58, 230 N.W.2d at 157. That is the scenario here, because Kiel's judgment attached before the Debtor owned the property, and the Debtor's dissolution of the LLC and transfer of the property is no more and no less than an attempt to change the status of the property to claim the exemption. To the extent that additional judgments were entered against the Debtor after he be-

came the resident owner of the property, i.e., a judgment docketed between the date the deed was recorded and the date the Debtor filed bankruptcy, the Debtor could claim his homestead exemption against that judgment. However, since he did not own and occupy the property when Kiel docketed its judgment, Kiel's judgment prevails.

Although the procedural posture of this matter is Kiel's objection to the Debtor's Wisconsin homestead exemption, the Court's conclusion is bolstered by the provision of the Bankruptcy Code that allows debtors to avoid judgment liens on exempt property. Section 522(f)(1) of the Code states that the debtor may "avoid the fixing of a lien on an interest of the debtor in property to the extent such lien impairs an exemption." In *Farrey v. Sanderfoot*, the Supreme Court held that the debtor cannot use § 522(f)(1) to avoid a lien on an interest the debtor acquired after the lien attached. 500 U.S. 291, 301, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991) (Kennedy, J., concurring). Here, Kiel's lien attached to the real estate by virtue of its judgment against the LLC, and the dissolution of the LLC and transfer of the property to the Debtor occurred later. Since the debtor acquired the interest in the property subsequent to Kiel's judgment, the Debtor would not be able to avoid Kiel's judgment lien under the applicable provision of the Bankruptcy Code.

IT IS THEREFORE ORDERED: Kiel Veterinary Clinic's Objection to the Debtor's homestead exemption is sustained, and Kiel's judgment lien takes priority over the Debtor's homestead exemption.